**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NOBILIS AMENZU ISEMRAZE ALI,
Authorized Representative, Natural Person,
In Propria Persona Sui Juris In Lex Ex
Relatione William James Morris 2nd All
Rights Reserved U.C.C. 1-207/1-308,
U.C.C. 1-103, Not a Corporate Person on
Enity, Misrepresented by Fraudulent
Construct,

               Plaintiff,

vs.                                            Case No.  3:11-cv-925-J-34JRK

UNITED STATES PARK SERVICE, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court sua sponte.  A detailed history of this action was provided

in the Report and Recommendation (Doc. No. 6), entered January 27, 2012, adopted, Order

(Doc. No. 7), entered February 29, 2012.  In sum, a Complaint (Doc. No. 1) was filed on

September 15, 2011.  The Complaint was accompanied by a letter written by Plaintiff (Doc. No.

2).  The letter was subsequently construed as a Motion to Proceed In Forma Pauperis

("Motion").  See Order (Doc. No. 5), entered November 28, 2011.  After reviewing the Motion

and the Complaint, the Motion was taken under advisement, and Plaintiff was directed to file

---

[1]     Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule
6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after
service of this document.  Failure to file a timely objection waives a party's right to a de novo review. See
28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

a completed Affidavit of Indigency and an Amended Complaint by December 30, 2011.  See id.

In the meantime, on December 13, 2011, a criminal complaint was filed against Plaintiff in a separate case in this Court, and the question of Plaintiff's competency arose.  See Criminal Complaint (Doc. No. 1, Case No. 3:11-mj-1295-JRK); Doc. No. 7, Case No. 3:11-mj-1295-JRK.  As such, in an abundance of caution, this case was stayed so that the question of Plaintiff's competency could be resolved.  Eventually, the undersigned found Plaintiff competent to proceed in the criminal action.  See Order (Doc. No. 34; Case No. 3:11-mj-1295-JRK), entered October 17, 2012.  The instant case was reopened on October 31, 2012, and Plaintiff was directed to file an Affidavit of Indigency and an Amended Complaint by November 30, 2012.  See Order (Doc. No. 12).  When Plaintiff failed to comply, an Order to Show Cause (Doc. No. 13) was entered on December 7, 2012, again extending the date by which Plaintiff was to file an Affidavit of Indigency and an Amended Complaint.  To date, Plaintiff has not filed either document nor has Plaintiff requested more time in which to do so.

Accordingly, it is

**RECOMMENDED**:

1.      That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

     2.     That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 15, 2013.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Marcia Morales Howard
United States District Judge

William J. Morris a/k/a Dominus Nobilis Amenzu Isemrazen Ali
Baker County Detention Center
1 Sheriff's Office Drive
Macclenny, FL 32063

Nobilis Amenzu Isemraze Ali
4350 Vicki Street
Hastings, FL 32145